UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LORELI NOLAN,<br><br>Plaintiff(s),<br><br>vs.<br><br>AMERICAN FAMILY INSURANCE COMPANY,<br><br>Defendant(s). | Case No. 2:15-cv-02051-JAD-NJK<br><br>ORDER<br><br>(Docket No. 11) |

Pending before the Court is Plaintiff's Motion to Extend Discovery Deadlines, filed on March 18, 2016. Docket No. 11. Defendant submitted a response. Docket No. 13. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78–2. For the reasons discussed below, Plaintiff's motion is **GRANTED**.

**I.    FACTUAL BACKGROUND**

On March 14, 2016, Plaintiff's prior counsel suddenly left his employment at Plaintiff's counsel's law firm. Docket No. 11 at 2. Plaintiff's new counsel assumed responsibility for this case and, on March 16, 2016, became aware of the state of Plaintiff's case. *Id.* He immediately met and conferred with opposing counsel. *Id.* Plaintiff represents that, although the parties reached an agreement as to Defendant's outstanding discovery requests, they could not reach an agreement regarding extending the initial expert disclosure deadline, set for March 18, 2016. *Id*

//

//

## II. DISCUSSION

Rule 16(b) of the Federal Rules of Civil Procedure requires the Court to enter a scheduling order after the parties have conducted their Rule 26(f) conference. The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). A scheduling order may be modified "only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).

"All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline." Local Rule 26-4. Requests received less than 21 days before the expiration of the subject deadline must also include a showing that the failure to act was the result of excusable neglect. *Id*. "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,'. . . and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993) (internal citations omitted). "The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Good cause exists to extend the deadlines at issue. This is the first extension sought by either party. *See Liguori v. Hansen*, 2012 WL 760747, at *7 (D. Nev. Mar. 6, 2012). Further, upon the departure of Plaintiff's prior counsel, Plaintiff's current counsel immediately consulted with opposing counsel, attempting to mitigate the impact of his predecessor's errors. Docket No. 11 at 2; *see also Nelson v. Safeco Ins. Co. of Illinois*, 2011 WL 13848, at *2 (D. Nev. Jan. 4, 2011) (granting extension

necessitated by "staff turnover" to facilitate "the public's interest in having cases decided on the merits"). On March 18, 2016, Plaintiff's counsel filed the pending motion – the same week he took control of this case. Docket No. 11.

The requested extension of the initial expert deadline requires a showing of excusable neglect. Accordingly, pursuant to Local Rule 26-4, Plaintiff must establish her neglect is excusable under the *Bateman* factors. Although Plaintiff does not use the term, the Court finds that Plaintiff met her burden. The risk of prejudice to the non-moving party is minimal. The sole prejudice that Defendant identifies is that it will have to continue to defend this litigation and that an extension of this deadline would "extend the . . . discovery phases of this case[.]" Docket No. 13 at 4. However, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge*, 587 F.3d at 1191–92. As to the length of the delay and its potential impact on the proceedings, 55 days of discovery remained upon the filing of Plaintiff's motion. Granting Plaintiff a brief extension will have *de miminis* impact on the proceedings. Finally, there is no evidence of bad faith.

Taking all these circumstances together, the Court, in its discretion, concludes that equity weighs in favor of extending the expert disclosure deadline. Therefore, the Court **GRANTS** Plaintiff's request to extend the initial expert disclosure deadline. Additionally, the Court finds that good cause exists to extend the rebuttal expert disclosure deadline, the close of discovery, and the dispositive motions deadline.

//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION

For good cause and excusable neglect shown, the Court grants Plaintiff's motion to extend discovery deadlines. Docket No. 11. The deadlines are **EXTENDED** as follows:

1. Initial Expert Disclosure Deadline: May 18, 2016
2. Rebuttal Expert Disclosure Deadline: June 17, 2016
3. Close of Discovery: July 18, 2016
4. Dispositive Motion Deadline: August 18, 2016
5. Pretrial Order Deadline: September 19, 2016. In the event that dispositive motions are filed, this deadline will be suspended until 30 days after the Order resolving the motions, or further order of the Court.

IT IS SO ORDERED.

DATED: April 6, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge