# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Loreli Nolan,

    Plaintiff

v.

American Family Insurance Company,

    Defendant

2:15-cv-02051-JAD-NJK

**Order Granting Motion for Summary Judgment, Entering Judgment, and Closing Case**

[ECF No. 15]

    Insured Loreli Nolan sues her uninsured/underinsured motorist insurance provider, American Family Insurance Company, for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of Nevada's Unfair Claims Practices Act.[1]  American Family moves for summary judgment on all of Nolan's claims, and Nolan's counsel has filed a non-opposition indicating that counsel has lost contact with Nolan.  Finding American Family's motion for summary judgment meritorious, I grant it, enter judgment for American Family and against Nolan, and close this case.[2]

## Background

    In June 2012 Nolan held a family-car policy from American Family that included uninsured/underinsured motorist coverage with a policy limit of $100,000 per person and $300,000 per accident.[3]  The policy requires an insured claiming coverage to notify American Family "promptly" of any potential claim under the policy and provides that the insured "must cooperate with [American Family] and assist [it] in any matter concerning a claim . . . [and] authorize [it] to

---

[1] ECF No. 1.

[2] I find this motion suitable for disposition without oral argument.  LR 78-1.

[3] ECF No. 15-1.

obtain medical, employment, vehicle, and other records and documents" as requested.[4]

On June 13, 2012, Nolan was involved in a car accident.[5] About three weeks later, Nolan's counsel notified American Family of a potential claim under the policy.[6] On July 17 American Family responded with a letter setting forth the terms of the policy.[7] American Family then sent follow-up letters inquiring about the status of Nolan's injuries on September 28 and November 28, 2012, and January 28, 2013, but received no response.[8]

On April 18, 2013, Nolan demanded that policy limits be paid, explaining that the at-fault driver did not have sufficient insurance to cover the damages she incurred from the accident.[9] On May 3, 2013, American Family sent a letter to Nolan acknowledging receipt of the policy-limits demand and requesting a complete set of medical records for five years prior to the accident and requesting that Nolan complete the enclosed medical-authorizations form and fact sheet.[10] American Family again requested this information on June 5, June 19, and November 29, 2013;[11] Nolan ignored the requests.

On January 16, 2014, Nolan provided the completed fact sheet and the medical-authorization forms requested by American Family.[12] Two months later, American Family sent Nolan a letter noting that it had begun to receive medical records but requested that Nolan complete a new medical-authorization form for one of the medical providers who would not accept the authorization

---

[4] *Id.* at 2.

[5] ECF No. 15-3.

[6] ECF No. 15-5.

[7] ECF No. 15-6.

[8] ECF No. 15-7, 15-8, 15-9.

[9] ECF No. 15-10.

[10] ECF No. 15-11.

[11] ECF No. 15-12.

[12] ECF No. 15-15.

Nolan had provided.[13]

On August 5, 2014, American Family sent a letter to Nolan affirming that it had received all of the medical records and would complete its review.[14] One week later, Nolan sent a letter to American Family again demanding policy limits, explaining that she recovered only $25,000 from the person who caused the accident. The letter did not include any additional medical records or information.[15]

On September 11, 2014, American Family sent a letter to Nolan requesting that she submit to an independent medical examination and requesting additional medical records.[16] Two months later, Nolan sent a letter requesting that American Family immediately begin the process of selecting a doctor for the IME while she gathered the requested medical records, and she accused American Family of delaying the process.[17] American Family responded two days later, stating that it could have the third-party medical-management company contact Nolan to set up the appointment but that Nolan must be prepared to provide the additional requested medical records to the medical-management company;[18] Nolan did not respond.

Four months later, American Family again sent a letter to Nolan inquiring about the status of the additional records so that American Family could schedule the IME.[19] American Family sent follow-up letters on May 10 and August 27, 2015; Nolan still did not respond.[20] American Family received no further response from Nolan until she filed this lawsuit in Nevada's Eighth Judicial

---

[13] ECF No. 15-16.

[14] ECF No. 15-17.

[15] ECF No. 15-18.

[16] ECF No. 15-19.

[17] ECF No. 15-20.

[18] ECF No. 15-21.

[19] ECF No. 15-22.

[20] ECF No. 15-23, 15-24.

District Court in September 2015.[21]

## Discussion

**A.     Summary-judgment standards**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[22]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[23]  If reasonable minds could differ on the material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed and the case must proceed to the trier of fact.[24]

If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for as to the material facts"; it "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in its favor.[25]  The court may only consider facts that could be presented in an admissible form at trial in deciding a motion for summary judgment.[26] Summary judgment may not be granted by default.[27]

American Family argues that it is entitled to summary judgment because Nolan lacks evidence to show that she fulfilled all conditions precedent under the policy or that American Family

---

[21] ECF No. 15-2.

[22] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[23] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[24] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[25] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[26] FED. R. CIV. P. 56(c).

[27] *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993).

violated any section of the UCPA or acted in bad faith when it decline to tender Nolan policy limits.[28]  Nolan's counsel has filed a non-opposition, explaining that counsel has been unable to locate Nolan since this case was filed in September 2015.[29]

**B.   American Family is entitled to summary judgment on Nolan's claims because it has demonstrated an absence of genuine issues of fact and that it is entitled to judgment as a matter of law.**

### *1.   Breach of contract*

To prevail on a breach-of-contract claim under Nevada law, the plaintiff must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.[30]  As the Nevada Supreme Court has explained, the plaintiff generally has the burden of pleading and proving that it fulfilled conditions precedent in order to recover on a breach-of-contract claim.[31]

The record shows that Nolan did not fulfill conditions precedent under the policy.  The policy requires an insured claiming coverage to "cooperate with [American Family] and assist [it] in any matter concerning a claim . . . [and] authorize [it] to obtain medical, employment, vehicle, and other records and documents" as requested.[32]  The undisputed evidence shows that Nolan did not cooperate with American Family; she instead repeatedly ignored its requests for medical documents and authorizations and to schedule her independent medical examination.  I therefore find that American Family is entitled to summary judgment on claim one.

---

[28] ECF No. 15.

[29] ECF No. 22.

[30] *Richardson v. Jones*, 1 Nev. 405 (1865).

[31] *Clark Cty School Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 95 n.21 (Nev. 2007) (citing NRCP 9(c) and *Walton v. Nalco Chem. Co.*, 272 F.3d 13, 20–23 (1st Cir. 2001)).

[32] *Id.* at 2.

### *2.     Insurance bad faith*

An insurer breaches its duty to act in good faith when it unreasonably refuses "to compensate the insured for a loss covered by the policy."[33] To establish a prima facie case of insurance bad faith in Nevada, an insured must show that (1) the insurer had no reasonable basis for disputing coverage and (2) that the insurer knew or recklessly disregarded the fact that there was no reasonable basis to dispute coverage.[34] Given Nolan's repeated failure to cooperate with American Family's document requests, she cannot show that the insurer unreasonably refused to tender her policy limits, and American Family is entitled to summary judgment on her bad-faith claim.

### *3.     Unfair claims practices*

Section 686A.310 of the Nevada Revised Statutes prohibits unfair practices in processing insurance claims. Nolan does not identify which section of the UCPA she believes American Family violated. Some prohibited practices include failing to acknowledge or act on claim communications in a reasonably prompt manner[35] and failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.[36]

The record reflects that American Family acknowledged and acted on all claim communications in a reasonably prompt manner and attempted to effectuate prompt, fair, and equitable settlement of her claims by repeatedly requesting medical documents and authorizations and trying to schedule Nolan for her IME so that American Family could determine the value of her claim. The record is clear that it was Nolan—not American Family—who caused any delay in the handling of her claim or claim communications. Accordingly, American Family is entitled to summary judgment on Nolan's UCPA claim.

---

[33] *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (internal citation and quotation marks omitted).

[34] *Powers v. United Serv. Auto Ass'n*, 962 P.2d 596, 604 (Nev. 1998).

[35] NEV. REV. STAT. § 686A.310(1)(b).

[36] NEV. REV. STAT. § 686A.310(1)(e).

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that American Family's motion for summary judgment **[ECF No. 15]** **is GRANTED.**

The Clerk of Court is directed to enter judgment for American Family and against Nolan and to CLOSE THIS CASE.

Dated this 12th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge